SWEARINGEN,&c.
*vs*
LEACH.

---

## Swearingen, &c. *vs* Leach.

ERROR TO THE BULLITT CIRCUIT.

*Evidence. Practice in suits at law.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE evidence conduces to prove, and the jury might have found, that a portion of the money collected upon Leach's execution was claimed by H. Crist, and admitted by Leach to belong equitably to Crist, but they could not then agree on the sum to which each was entitled; that under these circumstances, and under an agreement relating to their mutual claims upon it, the money was deposited in Leach's name with the defendants, S. and S., and their covenant taken to pay the money to him or

COVENANT.

Case 77.

June 23.

his order; that about two years afterwards, in 1840, Leach received $600 of the money, which he acknowledged to Crist was all he was entitled to, saying he was fully satisfied, and that "the balance of the money in the covenant was coming to Crist;" that by subsequent agreement between Crist and the defendants, this balance was settled in a manner satisfactory to them; and it does not appear that Leach made any claim or demand of the balance until this suit was brought in 1846.

If Crist was authorized to receive the balance due on the covenant in 1840 as his own, his agreement with the covenantors as to the mode of settlement, and the actual settlement to his satisfaction was a discharge of the covenant, and in substance a performance, and the conversations between him and the defendants, constituting or proving this agreement and settlement as between them, would be admissible against the covenantee himself in a subsequent action by him for the balance which had been thus settled. If Crist was in fact authorized to receive the balance for his own use, he had a right to release it, or to receive or acknowledge satisfaction on such terms as suited him. He in fact represented the covenantee in regard to it, and such of his acts and declarations in relation to it as would be evidence against himself, would be evidence against Leach. The fact that the covenant was not delivered or assigned to him, and that there was no written evidence of such authority, renders the proof of its existence more difficult. But such authority might unquestionably exist without writing or delivery of the covenant, and if it did exist, the consequences which have been stated, necessarily followed.

The admissibility and relevancy of the evidence of Crist's acts and declarations being thus dependent upon his authority to receive and dispose of the balance remaining unpaid to Leach on the covenant, the Circuit Court, after all the evidence had gone to the jury without objection, excluded (on motion of the plaintiff) so much of it as detailed "what Crist and the defendants said," embracing, as we understand, all proof of the settlement between them, and then instructed the jury to find for the plaintiff.

If this exclusion of evidence did not take from the jury all which would have authorized them to find that the balance due on the covenant had been settled with Crist to his satisfaction, then the propriety of the instruction to find for the plaintiff depends upon the question whether there was evidence conducing to prove, and on which the jury might have found that Crist was authorized to receive and settle it according to his own convenience and judgment.

If, as we suppose, all the evidence of such settlement was excluded, then as without such settlement the most certain and express authority to Crist not amounting to the transfer of the legal interest in the covenant, would not have affected the covenantee's right of recovery, the instruction was right upon the evidence left before the jury, and the question would be, whether the exclusion of the settlement with Crist was proper. This question, as we have seen, depends upon the question of fact as to the existence of his authority. How far then, had the Court a right to decide the question upon the motion to exclude a part of the evidence? Where the materiality of one fact, and the relevancy of the evidence offered in proof of it, depend upon the existence of another material fact which has been attempted to be proved by evidence before the jury, is it the province of the Judge to decide upon the weight of the evidence as to the existence or non-existence of the principal fact, or is he to decide merely the legal question whether the evidence conduces to prove it, leaving its actual efficacy to the consideration of the jury?

If the fact on which the relevancy of the disputed evidence depends be merely preliminary, and no otherwise essential than as it may lay the foundation for receiving the evidence in question, then it may perhaps in all cases be proper to make the admissibility of the disputed evidence depend upon the judge's opinion as to the sufficiency of the proof to establish the preliminary fact. But where the preliminary fact is otherwise material in the cause, and essentially involved in the issue, the general practice is, to admit the dependent evidence, if in the opinion of the Judge there be evidence conducing to

SWEARINGEN,&c.
*vs*
LEACH.

Where proof of one fact in the trial of a cause before a jury, is necessary to let in proof of another fact, and there is evidence conducing to prove the preliminary fact, the Court should not generally exclude from the jury such evidence, but leave its weight to the jury.

If the fact on which the relevancy of the disputed fact depends, be merely preliminary, and no otherwise essential than as it may lay the foundation for receiving the evidence in question, then it may be perhaps in all cases proper to make the admissibility of the disputed evi-

SWEARINGEN, &c. prove the preliminary fact, and from which a jury might
      vs             rationally infer it.  A contrary practice would in many
   LEACH.

dence     depend  instances, as in this, take the whole case from the jury,
upon the Judge's  and subject it to the decision of the Judge upon the
opinion of  the
sufficiency   of  weight of the evidence, thus destroying the established
the proof to es-  distinction between their respective functions.  When
tablish the pre-
liminary fact.—   it is necessary to prove a deed, the instrument is admit-
But if the pre-   ted to be read to the jury, upon evidence conducing to
liminary fact be
otherwise mate-   prove its execution, could a judge afterwards exclude it on
rial in the case, motion, on the ground that the proof of its execution
and  essentially
involved in the   was not fully satisfactory to his mind, or could he have
issue, it is gen-
erally otherwise. rejected it on this ground, even in the first instance?  The
execution of the deed being the material fact in the issue,
the Judge does not decide it peremptorily, though it is in
one aspect a preliminary fact, but having decided that
there is evidence conducing to prove it, he places the
whole question of fact before the jury.

We are satisfied that in this and similar cases, where
the relevancy of one fact depends upon another material
fact in the cause, the admissibility of evidence in sup-
port of the dependent or secondary fact, depends not
upon the absolute proof of the principal fact, but upon
their being such evidence as conduces to prove it, and
would authorize the jury to find it.  The exclusion of the
evidence of Crist's settlement in this case, could only be
sustained upon the ground that the other evidence did not
conduce to prove that he was authorized by Leach to re-
ceive and settle, for his own use, the balance due on the
covenant.  Without entering upon a discussion of the
evidence on that point, which has been already stated, we
are of opinion that it authorized the inference that by
agreement between Leach and Crist, the latter had the
right to receive, and was authorized to receive, for his
own use, the balance remaining due, and that upon the
whole evidence, the jury might have found for the defend-
ants.  The Court erred, therefore, in excluding the evi-
dence in question, and in giving the instruction to find
for the plaintiff.

Wherefore, the judgment is reversed and the cause re-
manded for a new trial.

*Riley* and *Morehead & Reed* for plaintiffs; *Crittenden,* *Hardin,* and *Harlan & Craddock* for defendant.