## BURR v. ROBINSON, admr., et al.

VENDOR'S LIEN—*mortgage.* A vendor of real estate has a *lien* for the unpaid purchase money.

A mortgagee of real property, with a power to sell and to apply the proceeds to the payment of his demand against the mortgagor, is an agent or trustee of the mortgagor. He has no lien as vendor in case of sales made by him as such agent or trustee.

The mortgagor of real property has the ownership or fee. His wife is entitled to dower.

A mortgagee of real property, even after forfeiture, has no interest in the property that is subject to execution.

*Appeal from Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

WATKINS & ROSE, for appellant.

The vendor retains a lien for the purchase money, although the deed recites its receipt. *Scott v. Orbison,* 21 *Ark.,* 202; *Shall v. Biscoe,* 18 *id.,* 142; *Haskill v. Sevier, ms. opinions of last term.*

The vendor of an equitable estate in land has a lien to the same extent as the vendor of the legal title. *Bledsoe v. Gaines,* 30 *Miss.,* 448; *Stewart v. Hutton,* 3 *J. J. M.,* 178; *Ligan v. Alexander,* 7 *id.,* 412; *Galloway v. Hamilton,* 1 *Dana,* 576; *Garson v. Green,* 1 *J. C. R.,* 308.

BYERS & COX and GARLAND & NASH, for appellee.

We submit the following propositions: Burr's interest in and under the mortgage lien was simply a chattel interest, personal assets that would go to the executor, and nothing more. *Willard's Equity, p.* 444; *Damarest v. Wynkoop,* 3 *John. Ch.,* 135; *Coote on Mortgages,* 510; 3 *Swanston,* 638; *Powell on Mortgages,* (4th ed.,) 225, *et seq.*

The mortgagor is the owner of the land, and the mortgage is treated as a mere incumbrance. *Willard, sup.,* 433 and *note* 4.

A power of sale in a mortgage does not, in any respect, change the nature of the instrument, or the rights of the parties. *Willard, sup.,* 430; *Coote, sup.,* 33 and 526; and a sale under this power is but a foreclosure at last. *See authorities last cited.*

When the debt is paid there is an end of the mortgage, and no reconveyance is necessary at all. *Willard, sup.,* 433; *Jackson v. Davis,* 18 *J. R.,* 7.

GREGG, J.

Edwin T. Burr filed his bill of chancery, in the Independence

county circuit court, against the administrator, widow and heirs of Henry Slater, deceased, to enforce a vendor's lien.

The complainant alleges that, on the 27th day of December, 1850, John A. Carter was the owner of lots 1, 2, 10 and 11, in block 4, in Batesville, and also of certain other real estate in the county, and on that day he executed to complainant his five promissory notes, the first four for $1,000 each, the other for $694$\frac{40}{100}$, payable, respectively, at one, two, three, four and five years after date, and to bear interest at ten per cent. per annum from maturity; and, to secure said amounts and interest, Carter executed to him his deed of mortgage, with power to sell for cash, at six months after the notes respectively fell due, but to be void, if Carter should pay off the several notes according to their tenor and effect.

The bill alleges that Carter failed to pay the last $2,300 due, and that, after duly advertising said lots and lands for sale, he, in accordance with said deed, and the authority therein given, on the 22d of September, 1860, sold the lots and lands for a sum sufficient to pay off the amount then due him; that Slater, the deceased, became the purchaser of the town lots for $1,300, and that he paid $1,000 down, and executed his note for $300; that complainant executed to him a deed, and in that acknowledged the receipt of the full consideration.

The pleadings show that the notes, to secure which the mortgage was given, were all satisfied, and that complainant, by his attorneys, entered satisfaction of the mortgage upon the record, and that Slater entered upon the lots and held possession until his death; that the defendant, Robinson, became administrator of his estate, and that the assets were not sufficient to pay the debts. The bill was answered by Robinson, and a demurrer filed by one of the heirs; the cause set for hearing on the bill, answer, replication, exhibits, evidence to be taken, and the demurrer of Lyon, an heir; upon the hearing the court dismissed the bill for want of equity, and the complainant appealed to this court, and assigns for error "that the court below refused to grant the relief prayed for."

It is one of the well settled principles, that an owner of lands, who sells the same, may rely upon the lands for the security of the purchase money and enforce his lien against the vendee, or any one holding under him, with notice of the nonpayment of the purchase price.

Less solemnity is given rights in personalty. The usual and ever pressing demands of a commercial people require that but few clogs should be allowed to the ready transmission of good titles in choses in action, movable property, and chattel interests in general. Real estate is permanent, and the law requires written forms to be observed, a registry of titles to be kept, and gives a vendor a right to sell, and to hold his lien upon the realty, without any acts, deeds or writings, further than to see that innocent parties do not suffer from an improper showing that title has passed out of him; and that diligence can be manifested by a showing upon the register's books, or by otherwise advising such as might become innocent purchasers.

The law, then, which has been adapted to the conditions, wants and necessities of the whole people, makes these marked distinctions between freehold estates and mere chattels. It has so great reverence for landed property that the owner is guaranteed in the enjoyment of privileges not allowed to him who only holds movable effects, which, for the conveniences of trade, must often change ownership as well as location, by the hasty will of parties, and the handing over of possession, and leaves the vendor with no more lien upon the specific chattel than upon any other property of the vendee.

If the law makes these distinctions, it is necessary to examine carefully the rights of the complainant, and discover whether or not they bring him within that class entitled to the relief sought in this suit.

The Supreme Court of Kentucky, in the case of *Ligan v. Alexander*, 7 *B. Mon.*, 287, wherein real estate had been transferred without the purchase money being paid, say that "the vendee is a trustee for the vendor for the unpaid purchase

money, and all persons claiming under him, how remote soever they may be, who have notice of the trust, are likewise bound;" but one who is a mere agent to make conveyance, one who has no equitable interest, one who is not the real and substantial party from whom the title passes, can have no lien. See 6 *Wendell,* 77 ; *Hilliard on Mortgages, p.* 626 and 627. The law no more creates or allows a lien upon a mere right in action, upon a mere chattel interest growing out of real estate, than upon other personal property; that is, whether it arises out of a freehold or landed interest, or otherwise, the law attaches no liens upon a mere chattel interest.

In the case under consideration, it appears that Carter owned the lands in fee, and, while he so owned them, he became indebted to the complainant, how, or for what consideration, does not appear; and, to secure the payment of his notes to complainant, he executed his mortgage to him with a power of sale. The making of such deed, and the power conferred upon Burr, constituted him agent or trustee of Carter, to sell and convey for him, and he was none the less the agent of Carter, and acting for him, because of his right to the purchase money paid by Slater for the lots; and that, notwithstanding he had power to execute an indefeasible title, the ownership or real title is in the mortgagor. *Warring v. Smyth,* 2 *Barb. Ch. Rep.,* 135 ; 15 *Ill.,* 503. The vendee, in such mortgage, is the medium through which the title passes—he is the attorney in fact of the vendor. 1 *Hilliard on Mortgages, chap.* 8, *sec.* 1.

Chancellor Kent, in his Commentaries, *vol.* 4, *sec.* 158, says the " equity doctrine is, that the mortgage is a mere security for the debt, and only a chattel interest, and, until a decree of foreclosure, the mortgagor continues the real owner of the fee. The equity of redemption is considered to be the real and beneficial estate tantamount to the fee at law," &c. The mortgagor, while in possession, is the real owner ; his wife is entitled to dower ; he is the freeholder, and entitled to all the privileges of such.

This court enunciated the same principle in *Hannah v. Car-*

*rington, et al.*, 18 *Ark.*, 100. The right of the mortgagee, even after forfeiture, is so slight that it is not the subject of execution. *Trapnall, admr., v. The State Bank*, 18 *Ark.*, 52, and cases there cited.

From these considerations, and from the cases above referred to, and the authorities therein cited, we come to the conclusion that Burr only held the legal title as a trustee, and had no power to sell, only such as was contained in the mortgage; that he could only sell for Carter, and for the purpose named in the deed, and that, when his mortgage was satisfied, he had no further claim, legal or equitable, on the lots. He had no right to depart from the tenor and effect of the deed, and if he attempted to do so, and entered satisfaction of his mortgage, when in point of fact he had not received the money, it was his own folly; and if he, of his own choice, (as seems most likely,) thought fit to credit the deceased for $300, that he should have required paid down, it was a contract that he must abide by, and no preference can be given him over other *bona fide* creditors of equal grade.

Finding no error in the decree below, the same is in all respects affirmed with costs.