ment of another person. But that this court has also sanctioned the practice of giving notice to the infant, at the time of serving the subpœna, where he is of the age of fourteen or upwards, or to his relative or protector in whose presence the subpœna is served, where he is under that age, that if he does not procure the appointment of a guardian ad litem within twenty days after the return day of the subpœna, the complainant will apply to the court to appoint a guardian for him without further notice.

That in the case of infants who are absentees, it is a matter of course to make an absolute order for the appointment of a guardian ad litem for them, without further notice, where they or their friends do not procure a guardian to be appointed within twenty days after the expiration of the time limited in the order for their appearance.

Order directing appellant to complete his purchase affirmed with costs; and proceedings remitted.

*John Watts De Peyster* v. *Spencer Hildreth et al.* H. F. CLARK, for complainant; D. GREIG, for Suydam, Sage & Co. Application of defendants for leave to renew a motion to open the order taking the complainant's bill as confessed, and the decree of foreclosure, or that the complainant may be decreed to redeem the defendants' judgment which was a lien on the mortgaged premises, denied, with costs to be taxed.

*Frances L. Warner* v. *William H. Paine et al.* H. W. WARNER, for appellant; A. W. CLASON, for respondent. Appeal from an order of the vice chancellor of the first circuit denying the complainant's application for an injunction. Order appealed from affirmed with costs.

*Henry Waring* v. *Cornelia A. Smyth et al.* JOHN A. LOTT, for appellant; A. MANN, JUN. for respondents. Appeal from a decree of the late vice chancellor of the second circuit, allowing a demurrer, and dismissing the bill as to four of the defendants. The case presented by the bill was this: The holder of a bond and mortgage, without authority from either of the mortgagors, and without the knowledge of one of them, altered the condition of the bond and mortgage in two very essential particulars, to their disadvantage; and after the one who was informed of the fact had

Effect of making an alteration in a bond and mortgage, by mortgagee.

declined to ratify the alteration by a re-acknowledgment, the holder passed off the bond and mortgage as valid and genuine securities; to secure the payment of a loan of money to himself. The question to be determined was, whether the assignee of the person committing the fraud, or any other person claiming title to the bond and mortgage under him as the assignee thereof, could enforce the collection of the mortgage, in a court of equity, against the mortgaged premises in the possession of the mortgagor, or of persons claiming title under such mortgagors, or either of them.

The chancellor said it was formerly held that the alteration of a bond or other sealed instrument, in a material part, even by a stranger, without the consent of the party whose rights were affected by such alteration, avoided the deed. But that the modern and more sensible rule is that such an alteration, if made by a party claiming to recover on such bond or instrument, or by any person under whom he claims, renders the deed void.

And he decided that an alteration by a stranger, without the privity or consent of the party interested, will not render the deed void; where the contents of the same as it originally existed, can be ascertained.

But that the burthen of proof, in such cases, is cast upon the party seeking to recover upon the deed; to show that the alteration was not made by him, or by those under whom he claims, nor with his or their privity or consent.

That a distinction is made between deeds which operate to convey the title to property, and those which merely give a right of action. For where the legal title to real estate passes to the grantee, by the execution and delivery of the deed, a fraudulent alteration of the deed by him will not have the effect to revest the title in the grantor; in cases where the statute of frauds requires a written conveyance to transfer the title. That in this class of cases it is held that the estate which was vested in the grantee, by a genuine and valid deed, remains in the grantee, although he destroys or makes void the deed itself by a forgery or by a voluntary concealment of the deed which created that title. But the deed itself is avoided thereby, so that the grantee cannot recover upon the covenants therein, or sustain any suit founded upon the deed itself as an existing and valid instrument.

That although the rule in England is that a mortgage in fee transfers the legal title to the land itself, as a conditional fee, so that if the condition of the mortgage is not complied with by the payment of the money at the day, a re-conveyance is necessary to vest the title of the land in the owner of the equity of redemption, although the debt is subsequently paid, yet that in this state the mortgagor is considered the real owner of the fee of the mortgaged premises, except for the mere purpose of protecting the mortgagee as the holder of a security thereon for the payment of his debt: and the only right the mortgagee has in the land itself is to take possession thereof, with the assent of the mortgagor, after his debt has become due and payable, and to retain such possession until the debt is paid.

That a mortgage here, is nothing but a chose in action, or mere lien or security upon the mortgaged premises, as an incident to the debt itself. And where the mortgagee has released or discharged his debt by an improper and voluntary alteration or destruction of the bond and mortgage by which it is secured, neither he nor his assignees ought to be permitted to sustain a suit in any court, for the recovery of such debt.

Decretal order of the vice chancellor affirmed with costs.

*Frederick W. Aikin et al, Ex'rs. &c.* v. *Gerard W. Morris. The Same* v. *William Scott. The Same* v. *Runyan W. Martin. The Same* v. *Henry W. Sill.* D. GARDNER and J. C. SPENCER, for the appellants; S. STEVENS, for respondents. Application to open decree of affirmance, in each of these causes, and to permit the appellant to come in and argue the appeal, denied with costs.

*Anthony M. Van Bergen* v. *Ambrose Baker et al.* H. HOGE-BOOM, for complainant; K. MILLER, for defendants. Application by complainant for leave to amend bill granted: with leave to him to file a supplemental bill also, to bring before the court any persons not made defendants by the original bill whose interests have changed since the commencement of this suit.

*Philip Hart, Jun.* v. *James H. Hooker et al.* C. H. RICH-ARDS, for complainant; J. FORSYTH, for defendants. Exceptions to master's report overruled, with costs. Defendants ordered to pay those costs, together with the costs of the exceptions to the