# Kennedy *versus* The Lancaster County Bank.

18　347
169　570
18　　347
21 SC ⁸106

1. The *date* of a negotiable note being, when originally written, the 12th of August, was altered after its execution to the 13th: *Held,* that such alteration of the date, unless properly accounted for by the holder, vitiated the note.

2. In a suit by the holder against the endorser of a negotiable note which had been discounted for the accommodation of the drawer, the latter, being released from liability over for costs, is a competent witness *for the defendant* to show that the date of the note which had been altered, was not altered when the drawer negotiated it, and consequently when it was endorsed ; also, to show that the alteration had been made without the knowledge or consent of the endorser.

3. In a suit by the holder against the endorser of an accommodation note discounted for the maker, the date of which appears from its face to have been altered, it is not sufficient for the holder to show that the date was not altered *after* he received it ; in order to recover, it is necessary for him to show that the alteration existed when the defendant endorsed it, or that he assented to the alteration.

4. An offer made by the endorser to renew the note after receipt of notice of protest, is not evidence of his knowledge of the alteration, no other proof of his knowledge or consent to the alteration having been given.

ERROR to the Common Pleas of *Lancaster county.*

This was an action brought by the Lancaster County Bank against Winfield S. Kennedy, as endorser of a note for $2000, dated August 13, 1850, drawn by Hugh Rambo, payable sixty days after date, to the order of Winfield S. Kennedy, at the Lancaster County Bank, without defalcation, for value received.

Credit the drawer.　　　　　　　Signed,　Hugh Rambo.
Winfield S. Kennedy, and endorsed by him.

On the trial, it appeared from inspection of the note, that the date had been altered, from the 12th to the 13th of August. It appeared by the books of the bank, and from oral testimony, that the note had been discounted at the bank on the *twelfth* of August *by the cashier*, and that the proceeds were carried to the credit of Rambo, the drawer ; and that *on the same day*, he drew the proceeds on his check. The note was protested on the 15th October

following, and notice to Kennedy sent through the post office. On the day after the protest and notice, Kennedy, supposing that Rambo had $500 to his credit in the Lancaster County Bank, enclosed another note to the bank for $1500, in renewal of the former note, in the following letter addressed to the cashier :—

"Philadelphia, October 16, 1850.

"Enclosed you have a note of Hugh Rambo, which he wishes to have discounted, and placed to his credit.

Signed,          WINFIELD S. KENNEDY."

The enclosed note was not accepted by the bank, as it was by $500 less than the former note; and there were no funds of Rambo in the bank to make up the deficiency.

Not long after this, both Kennedy and Rambo called at the bank, and inquired of the officers why the note enclosed in the letter of Kennedy had not been placed to the credit of the $2000 note; and received the answer that there were no funds of Rambo in bank to make up the deficiency.

The cashier, tellers, and clerk of the bank were examined, and testified that they did not know of any alteration having been made of the date of the note after it was left at the bank. The cashier and teller testified that the note was brought to the bank by Rambo, the drawer, on the 12th August, and that it was on that day discounted. No direct testimony was given, on the part of the bank, that the date had been altered with the consent or knowledge of Kennedy, the owner. The note was read to the jury, exception being taken on part of defendant.

*On the part of the defendant,* Hugh Rambo, the drawer was offered as a witness, to show that the note was unaltered when he took it to the bank, and left it there, on the 12th of August, 1850, and got the proceeds; but the Court rejected him on the ground of policy. He was then offered to prove that the alteration was made without the knowledge, privity, or consent of Winfield S. Kennedy, the defendant; and again he was rejected for the same reason. To all which the counsel for defendant excepted. No objection was made that a release by Kennedy to Rambo, as to costs, was not exhibited. It appeared that the note was discounted by the *cashier,* not by the directors; and that the regular discount day was on Thursday, the *fifteenth* August. It appeared, however, that the cashier, previous to the discounting of this note, had received authority from the directors to discount a certain description of drafts or notes on other days than regular discount days; and that the note in question was of the description allowed to be discounted by the cashier; and that the discount of it was, on the following Thursday, approved by the board of directors.

LONG, J., charged the jury, *inter alia,* as follows :—

[Kennedy v. The Lancaster County Bank.]

" The plaintiff, for the purpose of repelling the presumption of law, with regard to the alteration, produced on his behalf several witnesses, for the purpose of showing that the alteration was made with the knowledge and consent of the defendant.   These witnesses consist principally of the officers of the bank.   Their recollection of the matter is not very clear; but a letter is also produced of Mr. Kennedy's, which he wrote; and which, with his declarations, the plaintiff says, goes to show that he, the defendant, knew of the alteration.   From all this testimony, it is for you to say whether you are satisfied that this note was or was not altered without the knowledge or consent of the defendant.

" The defendant has also proved that H. Rambo was in Philadelphia on 13th August, 1840, the day the note bears date; the testimony, however, is for your decision.

" The second part of the defence is, that the note was not discounted by the board of directors, or by a certain number of directors, as required by law; but that the note was cashed by Mr. Carson, the cashier.   Mr. Carson proves that he was authorized by the directors to cash or discount certain notes; that in pursuance of that authority, this note was received by him; and that at the next meeting of the directors, his proceeding was ratified by them; and that they were again ratified by them before protest.   Under these circumstances, the Court instruct you, that if there were no other objections to the note, the plaintiff is the legal holder of the same."

It was assigned for error, that the Court erred in permitting the note to go to the jury without proof that the alteration had been made with the knowledge or consent of Kennedy.   2. In allowing the cashier to be asked as to his having received power to discount certain descriptions of paper on other than regular discount days.   3. In permitting proof of the ratification of the discount by the board of directors.   4 and 5. In rejecting Rambo when offered to testify as before stated.   6. In admitting the communication by Kennedy, and the new note forwarded by him.   7 and 8. In submitting to the jury the question whether the alteration of the note had been made with the consent or knowledge of Kennedy, without any proof having been given of such knowledge or consent.

*Ford*, for plaintiff in error.—If, on the production of a note it appears to have been altered, it is incumbent on the party offering it in evidence to explain the alteration, and to remove the suspicions attached to it : 1 *Greenl. Ev.* § 564, 565.

The alteration of the date of the note in suit was such as to render it invalid, unless the consent or knowledge of the defendant was shown: *Chitty on Bills* 181–2; 7 *Ser. & R.* 505; 4 *Term.*

[Kennedy *v*. The Lancaster County Bank.]

*Rep.* 367; 5 *Id.* 367; 3 *Yeates*, 391; 2 *Stark. Ev.* 177–8; 2
*W. & Ser.* 438; 9 *Barr* 186.

Rambo, the drawer, was a competent witness.: 3 *Harris* 27; 2
*Esp.* 708, Levy *v*. Essex.

*Thompson*, for defendant.—Rambo was incompetent to testify
for the defendant as to any matter which would invalidate the
note: 1 *Term. Rep.* 296, Walton *v*. Shelly; 6 *Peters* 51, 57; 1
*Greenleaf* 385; 8 *Watts* 304.

The offer of the new note, and the drawer and endorser coming
to the bank to make inquiry as to the reason of its not having been
discounted, was evidence of knowledge of the alteration, which it
was proper to submit to the jury.

The opinion of the Court was delivered, May 20, by

LOWRIE, J.—This note is vitiated by the alteration of its date,
unless the holders account for the alteration: Simpson *v*. Stack-
house, 9 *State R.* 186. All the bank's officers having the custody
of it, have expurgated themselves in the opinion of the jury,
though it might have been more satisfactory to have heard any of
them say that they noticed the condition of the note when the
bank received it.

But this is an accommodation note, discounted for the maker,
who was the holder before the bank got it. The alteration re-
mains unaccounted for until it is shown that Rambo, the maker,
received it from his accommodation endorser in its altered state:
Calvert *v*. Roberts, 3 *Camp.* 343; Woodworth *v*. Bank of Ame-
rica, 19 *Johns.* 391; Bell *v*. State Bank, 7 *Blackf.* 456. The
testimony of Rambo would therefore seem to be necessary rather
for the plaintiff than for the defendant below. On this point, the
Court below was in error.

But the defendant called Rambo, and offered to prove by him
that the note was not altered when the defendant endorsed it, and
this offer was rejected. The witness was sworn to testify, and his
" testimony" was rejected; and yet it is alleged here that it was
the witness, and that he was rejected on the policy that prohibits
a party to a bill or note actually negotiated in the usual course
of business from being a witness to invalidate it. If the witness
was rejected on this ground, there was error. The case started
with the legal presumption that the true note had been altered,
and the witness was offered, not to impeach it in the aspect in
which the law views it, but to rebut the evidence of others who
present it in a different aspect. The presumption that a note has
been altered sets aside the presumption of its regular negotiation,
and admits the parties to testify, if not interested.

If the objection was, that the witness would be liable over to
his endorser for costs, this could be removed by a release. If it

[Kennedy *v*. The Lancaster County Bank.]

was meant to reject the "testimony" that the alteration was made without the defendant's knowledge, we have already shown this to be error.

This is a very equivocal bill of exceptions, and we have decided it under three aspects. But we could not have done so had there not been another point on which a reversal was demanded; and then the plaintiff in error might have suffered seriously for not having had the objection to the witness or the testimony clearly stated in his bill.

The receipt by the defendant of the notice of protest, and his subsequent offer to renew the note, are not of the slightest value, unless it appears that he then knew of the alteration, and they do not prove knowledge : Perring *v*. Hone, 13 *E. C. L. R*. 328 ; 4 *Bing*. 28. We see not other error.

Judgment reversed, and *venire de novo* awarded.