WILLIAM T. MARCY and WILLIAM JOHNSON, Respondents, *v.* JANE M. DUNLAP, impleaded with others, Appellants.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

A material alteration made in an instrument, *e. g.*, a mortgage, without the consent of the mortgagor, either by the mortgagee, or by some other person, after delivery thereof, and while the same is in the possession or custody of the mortgagee, has the effect of destroying and annulling the instrument.   So held as between the parties to the mortgage.

The defendant, a married woman, being the owner of a house and lot, in her own right, known as lot H, which had been conveyed to her by M., executed a mortgage to plaintiffs as collateral security to the bond of her husband, in consideration of the extension of time of payment of an existing indebtedness of the husband.   Upon delivery of the bond and mortgage, notes then due of the husband, representing his indebtedness, were surrendered by plaintiffs.

The mortgage did not describe the defendant's property, but described a lot known as lot No. 26.   On discovery of this, shortly afterward, plaintiffs' attorney took the mortgage to the husband and his attorney for correction. The words, " being the same property conveyed to party of the first part by M., by deed recorded," etc., which words described the deed to her of lot H, were added to the description contained in the mortgage, by the husband's attorney, in the presence and at the request of plaintiffs' attorney, without consulting the defendant in regard thereto, and without her consent or knowledge, and the mortgage was thereupon delivered to the plaintiffs' attorney.   Defendant had no knowledge of the alteration in the mortgage until after the commencement of this action.

*Held*, in an action brought to reform the mortgage, by changing the description from lot 26 to lot H, and for foreclosure thereof, that such action could not be sustained, inasmuch as the material alteration made in the · instrument, after its execution and delivery, without the knowledge or consent of the mortgagor, in the interest and for the benefit of the mortgagees, had the effect to vitiate and destroy the mortgage, so as to render it incapable of being enforced by the plaintiffs.

Marcy *v.* Dunlap.

There is, *it seems*, in such case, no equity existing in favor of the plaintiffs, sufficient to enable them to maintain an action for the reformation of the mortgage, if no alteration had been made and the mistake were clearly established, the mortgagor standing merely in the position of a surety for her husband's debt, and there being no proof of the husband's insolvency, or that the plaintiffs have suffered in any way from the transaction.

APPEAL from a judgment reforming a mortgage, and for the foreclosure thereof, entered upon the report of a referee. The facts appear in the opinion.

*M. Seaman*, for the appellants.

*D. Miller*, for the respondents.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was brought to have a certain mortgage executed by the defendant, who is a married woman, to secure the indebtedness of her husband to the plaintiffs, reformed, and then foreclosed, and the premises covered by the mortgage, as so reformed, sold to satisfy such indebtedness. The referee, to whom the action was referred, ordered the reformation demanded, and a decree of foreclosure and sale, and the defendant appeals from the judgment. The defendant was the owner, in her own right, of a house and lot in the city of Lockport, which had been conveyed to her by Abel Minard. Her husband had become indebted to the plaintiffs in the sum of $2,295.56, and it was agreed between the plaintiffs and the husband that the husband should give his bond for the amount of such indebtedness, and that the defendant should execute a mortgage upon her property as collateral security to the plaintiffs for the same. To this the defendant assented, or pretended to assent. A mortgage was accordingly prepared by an attorney of the husband for her to execute, and she signed it as it was drawn, and acknowledged the execution thereof before the proper officer in due form for recording.

The mortgage so executed was given by the defendant to

Marcy v. Dunlap.

her husband or his attorney, and was by the husband delivered with his bond to the plaintiffs, who thereupon gave up to the husband several promissory notes which they at the time held against him as evidence of his indebtedness. The mortgage when executed and delivered, described the premises mortgaged, as "known and distinguished as city lot twenty-six, on the north side of High street, in said city, according to a certain map made for Joseph A. Ward, by Jesse P. Haines, surveyor, and filed in the Niagara county clerk's office March 28th, 1868." This description did not cover any portion of the defendant's premises, but described another and different lot, which the defendant did not own. The defendant's lot was on the same street in said city, but was designated as lot H, on said map, and had been conveyed to her as lot H by Minard, which conveyance was on record in the county clerk's office.

The plaintiffs shortly after receiving the bond and mortgage, or their attorneys, discovered that the mortgage as executed did not describe or embrace the defendant's premises. One of the plaintiffs' attorneys thereupon took the mort-- gage back to the husband and his attorney, to have it corrected so as to describe the defendant's premises. He had drawn up an addition to be made to the description in the mortgage which he supposed would be sufficient, when inserted at the end of the description in the mortgage as it then stood, to cover the defendant's premises. This addition he requested to have inserted at the end of the description as it then was. The attorney for the husband thereupon, without consulting the defendant, immediately wrote the addition to the description in the mortgage and redelivered it to the plaintiffs' attorney. This was done, as the evidence clearly shows, in the presence of the plaintiffs' attorney.

The addition is in the words and figures following: "being the same land conveyed by Abel Minard and wife to the party of the first part, recorded in Niagara county clerk's office, in book of deeds number 117, at page 458." This was an accurate reference to the record of the defendant's deed of her lot

from Minard. The defendant was not consulted in reference to this alteration of her mortgage before it was made, and was never informed of it afterward until the commencement of this action. It was never presented to her to be re-executed or re-acknowledged, but was placed upon record immediately after such alteration. The action, so far as it seeks to reform the mortgage, asks to have the figures 26, in the description, stricken out, and the letter H inserted in their place, on the alleged ground that the attorney of the husband, when he drew the mortgage from the description in the defendant's deed, by mistake wrote the figures 26, instead of the letter H, in the description, and that the defendant signed and acknowledged it, supposing her land was correctly described in the mortgage, and without noticing this mistake, and that the plaintiffs, when they first received it, supposed and believed that the mortgage contained a correct description of the defendant's premises.

Upon this state of facts, it is entirely clear that, if the mortgage, as it now stands, is the defendant's mortgage, no reformation is necessary. The description of the premises, as it now stands, is a complete and perfect description of the defendant's premises, and contains everything which can be necessary for their accurate and ready discovery and identification. Upon the well-settled rules of construction of descriptions in deeds and mortgages, the number 26 is a false and mistaken circumstance, which has been corrected by the addition of the reference to the defendant's deed, and is to be entirely disregarded as mere surplusage. This is well-settled. (*Jackson* v. *Clark*, 7 Johns., 217; *Jackson* v. *Ransom*, 18 id., 107; *Jackson* v. *Loomis*, id., 81; S. C., 19 id., 449; *Jackson* v. *Marsh*, 6 Cow., 281; *Raynor* v. *Timerson*, 46 Barb., 518.) The figures 26, as the instrument now appears, do not create the least uncertainty as to the identity of the land covered by the mortgage. The action, in this aspect, or for this purpose, has no foundation on which to rest, and cannot be maintained. On the other hand, if the mortgage, as it now stands, or as it stood when this action was commenced, is not the defendant's mortgage, an

Marcy *v.* Dunlap.

action to foreclose it cannot be maintained against the defend
ant. If, by reason of this material alteration, the mortgage
has been destroyed as her mortgage, a court of equity cannot,
by any decree, make it binding upon her or enforce it against
her. No court will, by decree, in this indirect manner, com-
pel a wife to stand as surety for her husband's debts, and
charge them as an incumbrance upon her separate estate.
This is really what is asked of the court, under pretence and
cover of reforming an instrument by the correction of a mis-
take. The insertion of the accurate description was no mis-
take, either of the defendant or of the plaintiffs. It was done
upon calculation and by design, for the purpose of making the
instrument a mortgage upon the defendant's property, which
it was not before; and this without her knowledge or consent.

What the plaintiffs really need is, to get rid of this addi-
tion to the description before asking for a reformation. I
am clearly of the opinion that this material alteration of the
description in the mortgage, after its execution and delivery,
without the defendant's consent, works a complete destruction
of the mortgage as against her. That the alteration was
material cannot be doubted, and it is equally clear that it was
made in the interest and for the benefit of the plaintiffs, and
without the defendant's knowledge or consent.

This destroys the mortgage as against the defendant, accord-
ing to all the cases, so far that no action can be maintained
upon it by the plaintiffs. (*Pigott's Case*, 11 Coke, 27; Shep.
Touch., 69; *Jackson* v. *Malin*, 15 Johns., 297; *Rees* v.
*Overbaugh*, 6 Cow., 746; *Lewis* v. *Payne*, 8 id., 71; *Waring*
v. *Smyth*, 2 Barb. Ch., 119.) The modern cases all hold that
if the alteration is the act of a mere stranger, while the deed
is out of the possession of the grantee or mortgagee, and
without his knowledge or consent, it does not work a destruc-
tion of it. But if an alteration has been made without the
consent of the party against whom the instrument is sought
to be enforced, either by the plaintiff who brings his action
upon it, or by some other person while the instrument was in
the possession or custody of the plaintiffs, such alteration will

discharge the original instrument, without substituting any new contract or obligation in its place. This is the rule as it is now settled by many adjudged cases, and the mortgage in question falls clearly within it.

The alteration was made after it had been delivered to the plaintiffs, and at the request of their attorney. It was made while it was legally in their possession and custody. Even if it was not made in the presence of the plaintiffs' attorney, it was made by a person to whom he delivered it to have the alteration made for the plaintiffs, and who was acting for or in favor of the plaintiffs, in making it, and in no respect for the defendant. My conclusion, therefore, is, that the mortgage has been destroyed by the alteration, as a mortgage against the defendant, and that no action can be maintained to enforce it by the plaintiffs. But even if it could be held that this action for a reformation of the instrument was properly brought, there is no evidence to support it for that purpose. There is not a particle of evidence to show that the defendant did not know, when she signed the mortgage, that it did not cover her premises, but described other premises which she did not own. It all rests in loose general inference from the facts and circumstances of the case. This is not enough. The proof of mistake must be clear and certain before an instrument can be reformed; as the object of the reformation of an instrument is to make it express what the minds of the parties to it had met upon, and what they intended to express, and supposed they had expressed, in the writing. Unless this meeting of minds, and mistake in expressing it, is made quite clear and certain by evidence, the court, should it undertake to reform, might, under color of reformation, make a contract for the parties which both never assented to or intended to make. It is by no means clear that the plaintiffs have any equities against the appellant which would entitle them to the reformation demanded, even if the mortgage were still her instrument, and the mistake affirmatively established beyond doubt or question. At most

Marcy v. Dunlap.

she was only a surety for her husband's indebtedness, and had not made the debt a charge upon her separate estate.

The original undertaking by her could not have been enforced against her house and lot, as she had not, in terms or by legal implication, made the debt of her principal a charge thereon. Unless, therefore, some new equity springs up against her in the plaintiffs' favor, by reason of the agreement between them and her principal to take new security and extend the time of payment, they have no sufficient equity against her to entitle them to this relief. There is no allegation in the complaint that the principal debtor is insolvent, and no such fact appears either in the evidence or the finding. For aught that appears, the plaintiffs are not likely to lose anything by the failure to give a valid mortgage.

The mortgage not being such an one as the principal debtor agreed to give, he has not performed on his part, and the agreement to extend the time falls through. The notes, though given up, are still in existence, and due as they were before the agreement was made ; and, so far as we can see, the plaintiffs are really in no worse condition than they were when the agreement to extend was made, except in this, that they have parted with the notes they held, and taken the bond of their debtor for an extended time.

But as he has not performed his agreement, they can return this and demand their notes ; and then they will stand just where they stood before, both in respect to the husband and the wife.

But we do not care to place our decision on this ground, because we think the other ground, to wit, the destruction of the mortgage by the alteration, entirely conclusive against the plaintiffs' right of action. In any view, the judgment is erroneous, and should be reversed, and judgment ordered for the appellant for her costs.

Judgment reversed.