## Cutler v. Rose *et ux.*

1. **Alteration of written instruments:** MORTGAGE OF HOMESTEAD. Where a mortgage on a homestead was executed and delivered as a completed instrument by the husband alone, with the understanding that his wife was not to join in the execution thereof, but her signature and acknowledgment were afterward fraudulently obtained by the mortgagee, who thereupon so altered the mortgage and acknowledgment as to make it appear a mortgage by them jointly, thus giving to it the force of a lien upon the homestead, as well as upon other lands covered by the mortgage, it was *held* that the alteration was material and avoided the mortgage.

2. —— RATIFICATION OF ALTERATION. *Held*, also, that a subsequent promise by the husband to pay additional interest in consideration of an extension of time of payment, did not of itself amount to a ratification of the alteration. Full knowledge of the alteration and a manifest intent to ratify the instrument as altered, must be shown.

*Appeal from Blackhawk District Court.*

SATURDAY, DECEMBER 16.

ACTION to foreclose a mortgage. The suit is brought by the indorsee of the note, who purchased the same before due. The defense by A. G. Rose is, that the note was procured from him by fraud and was without consideration; that the mortgage embraced his homestead and other lands, and was made, acknowledged and delivered by himself alone; that afterward the mortgagee fraudulently procured the defendant's wife to sign the mortgage and altered the mortgage and acknowledgment so as to make it a mortgage by both. The defendant's wife also set up fraud in procuring her signature. Trial to a jury, who found the amount of the note for the plaintiff and that the mortgage was fraudulently altered. Judgment accordingly. Plaintiff appeals.

*Miller & Pinton* for the appellant.

*Boies, Allen & Couch* for the appellees.

COLE, J. — On the trial there was evidence tending to show that the note was executed without consideration and was obtained by fraud; that the mortgage was executed and delivered as a completed and perfect instrument by the husband alone, and with the intention and understanding that his wife should not sign it; that the mortgagee fraudulently procured the wife to sign and acknowledge it, and having thus obtained her signature, did, without the knowledge or consent but against the will and wish of the husband, so alter the mortgage and acknowledgment as to make it a mortgage by two persons instead of one, whereby it would become a lien upon the homestead as well as the other lands described in it; and also, that after such alteration of said mortgage and after

VOL. XXXV. — 58

it was recorded, but before the note was due, the husband, mortgagor, made an agreement in writing upon the note, that in consideration of the extension of the time of payment, he would pay ten per cent interest on the amount of the note from then till paid; that the plaintiff is a purchaser of the note and mortgage before maturity, for value and in good faith, and without notice of any defense to the note or of any alteration in the mortgage.

The plaintiff objected to certain evidence offered by the defendants, tending to prove that a part of the property described and included in the mortgage was the homestead of the defendants. This objection was properly overruled, since that fact would show the materiality of the alteration made in the mortgage.

The jury found by their special verdict that the mortgage was altered after its execution and delivery by the husband, mortgagor, and without his knowledge or consent, and that it included the homestead of the defendants. The district court held that the alteration was material and avoided the instrument. This holding was correct. As the mortgage was when made and delivered by the husband, it was not a lien upon the homestead (Rev., § 2279), not being concurred in and signed by the wife. As it was altered and signed it would (if valid) constitute a lien upon the homestead. The mortgage thus having greater effect as altered than as executed, the alteration was material; and being made without the knowledge or consent of the mortgagor, the mortgage would be inoperative as against him, and this, whether in the hands of the mortgagee or any other person.

The district court was also correct in holding that the agreement to pay ten per cent interest, though made after the alteration of the mortgage, was not of itself a ratification of the alteration, or of the mortgage as it then existed. Full knowledge of the alteration and a manifest intent to ratify the mortgage as altered ought first to be shown in

order to bind the mortgagor. The note might well have validity and force without the mortgage, and the two instruments are not so connected as that one of them may not be recognized as valid without recognizing the other as valid also. The bare indorsement of an agreement to pay ten per cent interest on the note could not ratify the mortgage as altered in the absence of all knowledge of the alteration and of all intent to ratify. Nor does the fact that the note is owned by a *bona fide* holder at all affect the rights of the defendant to show the fraudulent alteration. He is only bound by the mortgage he makes, and not by a mortgage made by another without his authority. The verdict of the jury finds abundant support in the evidence.

Affirmed.