THE FRANKLIN LIFE INSURANCE CO. v. COURTNEY ET AL..

PROMISSORY NOTE.—*Alteration.*—*Principal and Surety.*—A promissory note,. left blank as to the amount but perfect in all other particulars, and pro-- viding for a certain rate of interest " per annum," was executed by one as. principal and by another as surety, and entrusted by the latter to the- former, for delivery to the payee; whereupon the payee's agent, with, knowledge of the relation of the makers as principal and surety, filled up the blank, and altered the note, by direction of the principal but with-- out the knowledge or consent of the surety, so as to make it bear interest, " after maturity."
*Held,* that such alteration relieved the surety from all liability thereon.

From the Montgomery Circuit Court.

*P. S. Kennedy, W. T. Brush, A. Thomson, B. T. Ris-tine* and *T. H. Ristine,* for appellant.

*J. R. Courtney,* for appellees.

NIBLACK, J.—This was a suit by the appellant, against the appellees, on a promissory note.

The defence was, that there had been an alteration of the note by the appellant, after its execution.

The cause was tried by the court. There was a special finding of the facts, and certain conclusions of law reached by the court, as follows :

" At the instance and request of the plaintiff herein,. the court finds the facts in the above entitled cause to be as follows, to wit :   The defendant John R. Courtney, on or about the 17th day of May, 1875, visited the office of the plaintiff, The Franklin Life Insurance Company, in. the city of Indianapolis, Indiana, and there met L. G. Hay, the secretary of said company, to whom he applied

for the loan of the sum of six or seven hundred dollars of the funds of said company. They, Courtney and Hay, had some talk about the loan, and the security the former could furnish, should he obtain the money from the company aforesaid. It was finally agreed between them that the said Courtney should have the money as a loan, if he could furnish good personal security, such as would be approved by Alexander Thomson, Esq., of the city of Crawfordsville, in said State; whereupon the said Courtney procured of said Hay a blank printed form of a promissory note, such as were used and furnished by said company when loaning money. The said Courtney then left the said city of Indianapolis and proceeded to the said city of Crawfordsville, the place of his residence. Within a day or two after his arrival at the city of Crawfordsville he filled up the blanks in said note, the same being the one sued on, except as to the amount for which said note was to be drawn, which was still left blank. He thereupon signed his own name, John R. Courtney, to said note, and in that condition, with all the blanks filled except the one for the amount of the note, he presented it to the defendant Richard Canine, and asked him to sign his name to it as surety for him, the said Courtney, which the said Canine accordingly did, and delivered the said note to the said Courtney, with all the blanks filled except the one as to amount, and with no interlineations therein. There was nothing said between Courtney and Canine about further changes in the note, except that it was understood that Courtney was to fill up the amount left blank, which said note read as follows:

"'CRAWFORDSVILLE, IND., May 17th, 1875.

"'For value received, on or before the 20th day of November, 1875, we promise to pay the Franklin Life Insurance Company, of Indianapolis, or order, ——— $\frac{}{100}$ dollars, negotiable and payable at First National Bank of Crawfordsville, with *ten per cent. interest per annum,* and

five per centum of the original sum as attorney's fees, if suit be instituted on this note, without any relief whatever from valuation or appraisement laws. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed,)                    " ' JOHN R. COURTNEY,

" ' RICHARD CANINE.'

" The note was then taken to Alexander Thomson, Esq., for his approval of the security, and the said Thomson endorsed his approval on the back of the note, as follows:

" ' I regard the security, Mr. Canine, as a very good and reliable man for a much larger amount than the within.                (Signed,)                A. THOMSON.'

" When the note was presented to Mr. Thomson for his approval, the amount was yet blank, but he was informed by Mr. Courtney what the amount was to be.

" On or about the 20th day of May, 1875, the said Courtney a second time called at the office of said insurance company, in the city of Indianapolis, and again met Mr. Hay, the secretary of said company, and it was then agreed between them, that the said Courtney should obtain from said company, as a loan upon the security of said note, which the said Courtney then had with him and exhibited to the said Hay, the sum of seven hundred dollars, less the interest for six months, amounting to ———— dollars, and less a premium note for ———— dollars, which the said company then held on the said Courtney, making cash paid to Courtney the sum of ———— dollars.

" The note, which was still blank as to amount, was then and there filled up by said Courtney for the sum of seven hundred dollars, and was then and there handed to the said Hay, who then and there, in the presence of the said Courtney, and with his knowledge and consent, added to said note, by way of interlineation, in the printed portion of said note, the following words, to wit, ' after maturity,' changing the reading and terms of said

note from 'with ten per cent. interest per annum, and five per centum on the original sum as attorney's fees,' etc., so that it read as follows, to wit: 'With ten per cent. interest per annum *after maturity*, and five per centum on the original sum as attorney's fees,' etc.; that, as soon as said interlineation was made by the said Hay, he gave the said Courtney a check on the bank for the amount of money due him on said loan, and he, the said Hay, retained said note as security for the sum so loaned the said Courtney; that said Hay, at the time he made said interlineation and change in said note, knew that the said Canine was only surety thereon, and that he bore that sole relation to said instrument; that, at the time said interlineation and change were made in said note by said Hay, it was out of the presence, and without the knowledge or consent, of the said Canine; that said note is the one now sued on.

"As conclusions of law from the foregoing facts, the court finds, that the defendant Courtney is liable, on the note sued on, for the sum of seven hundred and twenty-one dollars, without relief, and finds for the plaintiff for that sum, as against him. But the court finds, that the defendant Canine, by reason of the alteration of the note, is released from any liability thereon, and finds for the defendant Canine."

The appellant excepted to the conclusion of law at which the court arrived as to the defendant Canine.

Judgment then followed, in accordance with the conclusions of the court.

The interlineation of the words "after maturity," in the manner and under the circumstances set forth in the foregoing special finding, destroyed the identity of the note as to Canine, and rendered it, in legal effect, a different instrument from the one which he had signed. Granting that the alteration made the terms of the note more favorable to Canine, that circumstance does not change the legal effect of the alteration. The identity

of the note was none the less destroyed. It was still a material and unauthorized alteration of the note in a portion of it already complete, and not the filling of a blank, merely, as in case of the amount of the note. That was sufficient to release Canine from his liability, and the court did not err in so holding as a conclusion of law.

The precise question involved here was fully discussed and decided in the case of *Coburn* v. *Webb*, 56 Ind. 96; and, on the authority of that case, the judgment in this case must be affirmed. *Schnewind* v. *Hacket*, 54 Ind. 248.

The judgment is affirmed, at the costs of the appellant.