W. C. FRAKER, *impleaded with J. C. Fraker*, v. H. B. CUL-LUM, *Receiver of the First National Bank of Wichita.*

1. PROMISSORY NOTE; *When Rendered Invalid.* Where a note is executed by an accommodation maker, and is afterward, without his consent or knowledge, materially altered by an indorsee and holder thereof, *held*, that such note is thereby rendered invalid.

2. PROMISSORY NOTE, *Made without Consideration.* And afterward, where such maker without having any knowledge of such alteration, executes a new note in lieu of the altered one, *held*, that such new note is given without any sufficient consideration therefor; and, except in the hands of an innocent holder for value, its payment cannot be enforced as against the maker.

*Error from Sedgwick District Court.*

ALL necessary facts and proceedings are sufficiently stated in the opinion. The district court, at the September Term, 1877, gave judgment in favor of *H. B. Cullum*, as receiver of the First National Bank, of Wichita, plaintiff, and against *W. C. Fraker*, defendant, for the sum of $847.50, and costs. *Fraker*, claiming that judgment ought to have been rendered

for, instead of against him, brings the case here for reversal of the judgment.

*H. G. Ruggles*, for plaintiff in error.

*Sluss & Hatton*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The principal question involved in this case is with reference to the effect to be given to certain alterations made in a certain promissory note. The facts of the case seem to be substantially as follows:

In January, 1875, W. C. Fraker executed to J. C. Fraker a certain promissory note for $4,862.40, dated January 23, 1875, due in six months after date, and drawing interest from maturity at the rate of twelve per cent. per annum. This note was executed by W. C. Fraker without any consideration to him, and merely as an accommodation to his brother J. C. Fraker, who expected to have the note discounted by the First National Bank of Wichita. Afterward the note was so discounted. J. C. Fraker was the president and managing officer of said bank. While said note was in the hands of the bank, J. C. Fraker (its president and managing officer) altered the same by changing the figure "5," in the figures "1875," to the figure "6," and by changing the word "maturity" to the word "date," so that the note appeared to have been executed in 1876 instead of in 1875, and to draw interest from date instead of from maturity. This was done without the knowledge or consent of W. C. Fraker. August 29, 1876, said bank suspended. At that time the bank owed W. C. Fraker about $1,800, and, although the bank still held said note, W. C. Fraker did not know it. On the night of August 29, 1876, J. C. Fraker informed his brother W. C. Fraker that the bank still held said note; that it was not paid, and that he, W. C. Fraker, was still liable thereon; and requested W. C. Fraker to relinquish to the bank said $1,800 in part payment of said note, and to give new notes for the balance. W. C. Fraker complied with his brother's

request. The new notes (four in number) were executed by
W. C. Fraker to J. C. Fraker, and indorsed by J. C. Fraker
and delivered to the bank. At the same time that these new
notes were executed, the old note was delivered up to W. C.
Fraker. No other consideration than this old note was ever
received for the new notes. W. C. Fraker did not examine
the old note at the time he received it, and did not know
then, nor for several days thereafter, that said old note had
been altered. Afterward, said bank was placed in the hands
of a receiver, and the receiver then commenced this action
against W. C. Fraker, and his brother J. C., to recover the
amount of one of said new notes. W. C. Fraker defended —
setting up, among other things, a want of consideration, and
that said old note had been altered. The case was tried be-
fore the court and a jury. Evidence was introduced prov-
ing or tending to prove all the foregoing facts. When the
defendant rested, the plaintiff demurred to the defendant's
evidence, on the ground that it did not prove any defense.
The court sustained the demurrer, the defendant excepting,
and then rendered judgment against the defendant for the
amount of the note sued on. The defendant then moved the
court for a new trial, which motion the court overruled, and
the defendant then, as plaintiff in error, brought the case to
this court for review.

We think the court below erred. We decide the case upon
the facts as they now appear, and not upon what they may be
shown to be upon a new trial. We refrain from discussing
this case at length, for the reason that we suspect that many
new facts will be shown on the new trial, and the case will
then be presented in a very different aspect. All that we
now decide is as follows: Where a note is executed by an ac-
commodation maker, and is afterward, without his consent or
knowledge, materially altered by an indorsee and holder
thereof, such note is thereby rendered invalid; and after-
ward, where such maker, without having any knowledge of
such alteration, executes new notes in lieu of the altered one,
such new notes are given without any sufficient consideration

therefor, and, except in the hands of an innocent holder for value, their payment cannot be enforced as against the maker.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.