McMILLAN, Appellant, *v.* HEFFERLIN, Respondent.

[Submitted June 16, 1896. Decided June 22, 1896.]

Promissory Note—*Alteration of date—Accommodation endorser.*—An accommodation endorser of a negotiable note is released from liability by a change in the date of the note without his consent after endorsement, and the mere knowledge by the endorser of the terms of a contract between the maker and the payee, for the fulfillment of which the note was given, is insufficient to operate as an implied consent that the date of the note might be changed to conform it to the intention of the parties to such contract. Now would an attempt by such endorser, after receiving notice of protest, to make terms with the holder for future payment, operate as a consent to or ratification of such alteration, in the absence of knowledge that it had been so altered.

*Appeal from Sixth Judicial District, Park County.*

Action on promissory note. Judgment was rendered for the defendant below by Henry, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action on two promissory notes alleged to have been made and delivered for value received by M. K. Brundage on the 25th day of February, 1893, to Thomas H. Ensor, payable respectively four and six months after date thereof and indorsed by the defendant prior to their delivery, and afterwards transferred by Ensor to plaintiff.

The execution of the notes and the indorsement thereof by the defendant are not denied. The defendant alleges as a defence to this action that after the execution of said notes, and after said defendant had indorsed them, the date thereof was altered by M. K. Brundage from the 15th day of February, 1893, to the 25th day of February, 1893, without the knowledge or consent of the defendant.

To this answer the plaintiff replied, denying the allegation as to the change, and alleging: "First, that the said notes in suit were executed by the said M. K. Brundage to the payee in payment for certain rights which the said Thomas H. Ensor was about to convey to the said Brundage; second, that by the terms of the contract entered into between the said Brundage and Ensor, of which the said Hefferlin had full knowledge, the said Brundage was to have four and six months after the conveyance to him of said rights within which to make payment, for which deferred payments the notes in suit were executed; third, that the conveyance of said rights was not completed as early as was anticipated by the parties thereto at the time the contract therefor was executed, and, if the dates of said notes were changed after their execution by the said Hefferlin, said alteration was made by Brundage to make them conform to the intention of the parties to the original agreement relative to the time to be allowed him to make the deferred payments for said rights; fourth, that said Hefferlin, prior to his indorsement of the said notes, knew the terms of said original agreement, and the purpose for which said notes were being executed, and indorsed the same solely for the purpose of enabling them to be used by said Brundage in the performance of said agreement on his part, and that said alteration, if any was made, was so made, as above stated, to make them conform to the intention and purpose of said Hefferlin and all of the other parties thereto."

The case was tried upon the issues joined to a jury. At the close of the plaintiff's testimony the defendant moved the court to instruct the jury to render a verdict for the defendant, which motion was sustained, and a verdict in accordance

therewith returned for the defendant.    Judgment was rendered upon said verdict, and from said judgment plaintiff appeals.

*Savage & Day*,  for Appellant.

The controversy in this case is as to the consent of the surety.    If we have shown any evidence of or circumstances from which the jury might infer his consent, we were entitled to have the question submitted to a jury, and the court erred in refusing to admit the notes in evidence.    (*Jacobs* v. *Gilreath*, (S. C.) 22 S. E. Rep. 757.)    The court seems to have proceeded upon the theory that the surety would be released unless he expressly authorized this alteration.    But such is not the correct rule.    The holder of a negotiable instrument has a right to correct a mistake in a negotiable instrument to make it conform to what all parties to it agreed or intended it should have been.    (Parsons on Bills and Notes, 569, 570, 571; *Hervey* v. *Hervey*, 15 Me. 357; *Duker* v. *Franz*, 7 Bush. 273; *Ames* v. *Colburn*, 11 Gray 390; *Busjahn* v. *McLean*, 29 N. E. Rep. 494; *Derby* v. *Thrall*, 44 Vt. 413.)

*Campbell & Stark*,  for Respondent.

A material alteration of a note renders it void even in the hands of an innocent purchaser.    (Randolph on Commercial Paper, § 84; Daniels on Negotiable Instruments, 1376; *Wood* v. *Steele*, 6 Wall. 80; *Cronkhite* v. *Nebecker*, 42 Am. Rep. 127; *Jourden* v. *Boyce*, 33 Mich. 301; *Aldrich* v. *Smith*, 37 Mich. 468; *Holmes* v. *Trumper*, 22 Mich. 427; *Hunter* v. *Grey*, 10 Am. Rep. 232; *Bradley* v. *Mann*, 37 Mich. 1; *Woodworth* v. *Bank of America*, 10 Am. Dec. 72; *Ruby* v. *Talbot*, 21 Pac. Rep. 72.)    There can be little or no question but that the change in the date of the note after its execution is a material alteration.    (*Wood* v. *Steele*, *supra;* Randolph on Commercial Paper, *supra;* Daniel on Negotiable Instruments, *supra; Cronkhite* v. *Nebecker*, *supra*; *Mitchell* v. *Ringold*, 5 Am. Dec. 433; *Britten* v. *Dierker*, 2 Am. Rep. 553; *Wilson* v. *Hotchkiss*, 81 Mich. 172; *Franklin* v. *Baker*,

29 Am. State Rep. 547.) It cannot be claimed that 'the respondent, Hefferlin, ratified the change in the notes, as there is nothing that would warrant a finding of that kind, and even though he had verbally ratified the same, such ratification would be void. ( *Wilson* v. *Hayes*, 42 N. W. 467.)

PEMBERTON, C. J.—The only question presented by this appeal is as to whether there was any evidence tending to show that the defendant had knowledge of or consented to the change in the date of the notes, or, after having knowledge thereof, ever ratified the same. There is no contention as to the law in the case.

It is conceded that if the change in the date of the notes was made by Brundage without the knowledge or consent of defendant, and that defendant never thereafterwards ratified such change, then the plaintiff is not entitled to recover in this action. The only evidence as to the knowledge or consent of defendant to the alteration in the notes is that of Brundage, the maker of the notes. He testified that Mr. Hefferlin did not authorize him to make any change in the dates or terms of the notes; that there was no contemplation of any necessity therefor at the time Hefferlin indorsed them. He also testified that Mr. Hefferlin has never at any time ratified the change of the date of said notes. The appellant contends that the defendant knew the terms of the contract for the fulfillment of which the notes were executed by Brundage and indorsed by the defendant, and, therefore, as the notes were changed to conform to the intention of the parties to said contract, that it cannot be contended that it was changed against the interest, or without the implied consent, of the defendant. But in reply to this it is sufficient to say that the defendant was not a party to the original contract for the performance of which the notes were executed by Brundage. He was simply an accommodation indorser, as far as shown by the record. It is also contended by the appellant that after the defendant received notice of protest of the notes for want of payment he attempted to make terms with the holder for the payment

thereof in the future, and from this fact the appellant contends that the defendant consented to or ratified the change in the dates of the notes.    But it does not appear that at the time defendant received notice of protest of the notes, and when he was seeking to make terms for the payment thereafter, he knew that the notes had been altered.    A careful inspection of the record and of all the testimony in the case does not disclose the fact that the defendant ever authorized the alteration in the notes, or ever by word or act ratified the same after the alteration was made.    In fact the positive evidence is all to the effect that the defendant did not authorize such alteration, and that he has not at any time in any manner ratified the same.

We are therefore of opinion that there was no error in the action of the court in instructing the jury, on the evidence offered by the plaintiff, to return a verdict for the defendant. The judgment appealed from is therefore affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.

