ELIZA K. BACON *vs.* ALLEN H. HOOKER & another.

Suffolk.    November 13, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A material alteration in a chattel mortgage by the mortgagee after execution renders the mortgage void as an executory instrument, and the mortgagee, even if he retains the title, cannot enter the premises of the mortgagor for the purpose of taking the mortgaged goods, upon breach of condition, under a clause of the mortgage permitting him to do so, since this was not an irrevocable license.

Origin of the rule as to alteration of instruments stated by HOLMES, C. J.

TORT, for trespass to real estate, with counts for assault and battery and for the conversion of a piano. Writ dated August 20, 1897.

The action was brought for acts of the defendants' servant in entering the plaintiff's house, and taking therefrom one piano and one piano stool and cover.

The defendants offered in justification of the alleged acts of their servant that such acts were properly committed in the foreclosure of a mortgage of personal property, including the property alleged to have been converted.

At the trial in the Superior Court, before *Sherman,* J., it appeared that at the time of the entry there had been a breach in the conditions of the mortgage by failure on the part of the plaintiff to make all the payments required by its terms. The mortgage contained the following clause:

"But upon any default in the performance of either of the foregoing conditions the grantees or their executors, administrators, or assigns, or any person or persons in their behalf, shall have the right and privilege of entering, forcibly if necessary, any building or place in which said goods and chattels may be, and of removing the same therefrom, without being guilty of any trespass or tort or liable in any way therefor."

There was evidence tending to prove that after the execution of the mortgage certain words were inserted therein by the defendants without the knowledge or consent of the plaintiff, describing articles of personal property other than the piano, piano stool, and cover.

Two questions were submitted to the jury, as follows:

1st. "Have the defendants made a material alteration in the mortgage since its execution, without the knowledge and approval of the plaintiff?"

2d. "Was the plaintiff assaulted by the servant of the defendants at the time of the taking of the piano, stool, and cover?"

The jury answered both questions in the affirmative.

After these questions were answered by the jury, they were further instructed by the judge, that the servant of the defendants, acting for the defendants under a mortgage found to have been materially altered since its execution, and thereby being void, had no right to take the piano, stool, and cover, and if in doing so he had used force and violence upon the person of the plaintiff the defendants would be liable for his acts.

The judge reserved to the defendants the right of exception to the foregoing instructions.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

At the time of the argument before the full court, the plaintiff filed a motion for double costs under St. 1883, c. 223, § 15, on the ground that the defendants' exceptions were frivolous.

*B. B. Dewing & S. R. Cutler*, for the defendants.

*P. B. Kiernan*, for the plaintiff.

HOLMES, C. J. This is an action of tort with counts for a trespass upon the plaintiff's close, for a trespass to the plaintiff's person, and for the conversion of a piano. The defendants justified under a mortgage of chattels, including the piano, con-

ditioned among other things against moving the goods from the place where they were at the time, and proved a breach of the conditions. The plaintiff offered evidence that the defendants had added the description of various articles to the granting clause of the mortgage without the knowledge of herself or her husband. The jury were instructed that if the defendants had made a material alteration in the mortgage without the knowledge of the other parties the mortgage was void and the defendants' servant had no right to take the piano, and that if in doing so he had used force to the person of the plaintiff, the defendants were liable. The jury found for the plaintiff, and the defendants come here on exceptions which we agree with the judge below were properly saved. Other exceptions were taken which are not argued, and which we therefore assume to be waived.

We must take it that the alteration was material, although it is fair to observe that the mortgage covered all the personal property in the plaintiff's house at the time of its execution, and that so far as appears the defendants may have written in the words because they rightly or wrongly supposed that the articles enumerated were covered by the general language already there. The alteration was a cancellation of the deed, having the same effect that tearing off the seals would have had. This rule comes down to us from a time when the contract contained in a sealed instrument was bound so indissolubly to the substance of the document that the soul perished with the body when the latter was destroyed or changed in its identity for any cause. As applied to deeds the rule has an unimpeachable pedigree, and is elementary law.

However, in modern times, at least, it is settled that, so far as a deed passes an estate and is not merely executory, its executed effect is not disturbed by a subsequent alteration ; and the question has been raised as to how this qualification will operate in the case of a mortgage. *Kendall* v. *Kendall*, 12 Allen, 92. In that case, the change consisted in the addition of the name of the mortgagor's wife to a mortgage of land, and the court remarked that it did not appear by whom the alteration was made, and that nothing was done which, if genuine, would have affected the interest of the mortgagor. The wife was dead. It was held that evidence of the change properly

was rejected in an action to foreclose brought against the husband. On the other hand, it was decided in *Harrison* v. *Owen*, 1 Atk. 520; *S. C.* West, Ch. 527, that if a mortgagee cancels a mortgage by tearing off the seals, it is as much a release as cancelling a bond, although it does not revest the estate in the mortgagor. The same principle clearly would govern in case of alteration of both bond and mortgage by the mortgagee. *Waring* v. *Smyth*, 2 Barb. Ch. 119. And it has been applied unanimously, so far as we know, in this country, where the alteration was in the mortgage alone, in the case of a mortgage of land, at least so far as rights under the mortgage were concerned. *McIntyre* v. *Velte*, 153 Penn. St. 350. *Marcy* v. *Dunlap*, 5 Lans. 365. *Powell* v. *Pearlstine*, 43 S. C. 403, 409. *Coles* v. *Yorks*, 28 Minn. 464. *Pereau* v. *Frederick*, 17 Neb. 117. *Johnson* v. *Moore*, 33 Kans. 90. *Cutler* v. *Rose*, 35 Iowa, 456. See 1 Jones, Mortgages, (4th ed.) §§ 94, 95; 2 Am. & Eng. Encyc. of Law, (2d ed.) 188, 189, *sub v.* " Alteration of Instruments"; Fisher, Mortgages, (4th ed.) 749; 2 Robbins, Mortgages, 1402. In *Hollingsworth* v. *Holbrook*, 80 Iowa, 151, a case like the one at bar, it was held that after the alteration the mortgagee could not justify taking possession of the property covered by it to foreclose.

But whether all the cases cited were decided rightly or not, and if we assume in favor of the defendant that he had a title in the chattels which became absolute at law upon breach of condition, still without aid from the deed as an executory instrument the defendants had no right to enter the plaintiff's premises for the purpose of taking the goods. That seems to be the result of *McLeod* v. *Jones*, 105 Mass. 403. See *Smith* v. *Hale*, 158 Mass. 178, 183; *Lambert* v. *Robinson*, 162 Mass. 34, 37. In other words, in addition to title to the goods, the defendants must make out an irrevocable license to enter the plaintiff's close. The license is not an estate which was granted by the mortgage when the deed was executed, it is a mere permission which does not operate until the time comes. Such a permission is executory, and depends upon the continued operation of the deed. It follows that the exceptions must be overruled, but we are far from thinking the case so free from difficulty that the plaintiff should have double costs.

*Exceptions overruled.*