## WILLIAMS v. MIDLAND NAT. BANK.
### (No. 653.)

(Court of Civil Appeals of Texas. El Paso. Jan. 25, 1917. Rehearing Denied Feb. 15, 1917.)

1. PRINCIPAL AND SURETY ⬅101(6)—ALTERATION OF INSTRUMENT—EFFECT AS TO SURETY—"MATERIAL ALTERATION."

Changing a note to bear interest from maturity instead of from date is a "material alteration," and, where made after signature of surety without his knowledge or consent, renders the note unenforceable as to him, notwithstanding that such alteration was favorable to the surety.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 176.

For other definitions, see Words and Phrases, First and Second Series, Material Alteration.]

2. PRINCIPAL AND SURETY ⬅129(3)—ALTERATION. OF INSTRUMENTS—RATIFICATION BY SURETY.

Where a note was altered by changing it to bear interest from maturity instead of from date without knowledge or consent of surety, a letter of surety, in response to a request for payment written without knowledge of the alteration, cannot render the surety liable as for a ratification of the alteration.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 367½.]

3. PRINCIPAL AND SURETY ⬅101(6)—ALTERATION OF INSTRUMENTS—LIABILITY OF SURETY.

A surety on a note released from liability as indorser by reason of a material alteration without his knowledge or consent, who received none of the consideration for the note, cannot be held liable on any theory under the common counts, although the principal is still liable on the debt, notwithstanding the alteration of the instrument.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 176.]

Appeal from Midland County Court, Earl Anderson, Judge.

Action by the Midland National Bank against John R. Williams and another. From a judgment for plaintiff, the defendant named appeals. Affirmed in part and reversed and rendered as to appellant.

Paul P. Steed, of Post, and Chas. L. Black, of Austin, for appellant. Chas. Gibbs, of Midland, and E. M. Whitaker, of El Paso, for appellee.

HIGGINS, J. J. L. Robinson applied to appellee for a loan of $750, stating that appellant, Williams, would be his surety. Later he returned to the bank with a note for that amount bearing 10 per cent. interest from date signed by himself and appellant. The bank accepted the note and made the loan, but when it did so, its cashier stated to Robinson that the note was in wrong-form; that their notes bore interest from maturity instead of from date. The cashier thereupon changed the note so as to make the same bear interest from maturity, and Robinson then paid the interest in advance. This alteration was made without the knowledge or consent of Williams, whose relation to the note and loan was simply as surety for Robinson. This relationship was known to the bank. He received no part of the money loaned by the bank. The note became due and was not paid by the principal. Thereafter appellee wrote Williams this letter:

"We would certainly like to know what you want to do about the $750.00 note of J. L. Robinson on which you are also signor."

In reply thereto, Williams wrote:

"Replying to yours of the 12th inst. I respectfully ask you to give me about ten days' time as I could not possibly pay that note off to-day and, of course, you realize that when I pay it, it is a clear loss to me and right now I can't stand such a loss, but if you will not file suit on the note I will write you next week or come to see you. Hoping this is not asking too much of you, I am, Very truly yours."

At the time he wrote this letter, Williams was unaware of the alteration which had been made in the note. This suit was to recover upon the note. The petition was in two counts, the first declaring upon the note; the second reads:

"That on or about the 17th day of November, 1914, it loaned the defendant J. L. Robinson the sum of $750 for a period of six months from said date. That said defendant accepted said loan and agreed to pay plaintiff said sum of money when due; that said defendant paid the interest on said loan for six months in advance, and agreed to pay interest thereon at the rate of ten per cent. per annum if said loan was not paid when due. That the defendant John R. Williams, as surety, has agreed in writing to pay the said debt, and thereby the defendants have both become bound to pay the plaintiff's said debt. That said debt is long past due and unpaid. and plaintiff prays judgment against the defendants jointly and severally for the principal and interest due upon its said debt and for all other relief, general and special, legal and equitable, to which it may be entitled."

[1] The facts are undisputed, and are as stated above. Certain special issues were submitted, and upon the answers thereto of a jury, judgment was rendered against Robinson and Williams. Williams prosecutes this appeal, assigning as error the refusal of a requested peremptory instruction in his favor. The assignment is sustained. The alteration in the note was material, and it is no answer to the plea of alteration that its operation was favorable to the surety. 2 Daniel on Neg. Insts. (6th Ed.) §§ 1375–1384, 1385; Coburn v. Webb, 56 Ind. 96, 25 Am. Rep. 15; Franklin Ins. Co. v. Courtney, 60 Ind. 134; 2 Corpus Juris, 1174. The effect of the alteration without Williams' consent released him from liability on the note. Adams v. Faircloth, 97 S. W. 507; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; Bohn v. Burton-Lingo Co., 175 S. W. 173.

[2] The letter of Williams quoted above did not impose any liability upon him under either count. If it could have had any effect, it would have been as a ratification of the alteration, and it could not be so treated, because he wrote the same without any knowledge of the alteration. 1 Corpus Juris, 1258;

Kennedy v. Bank, 18 Pa. 347; Fraker v. Cullum, 21 Kan. 555; McMillan v. Hefferlin, 18 Mont. 385, 45 Pac. 548; Cutler v. Rose, 35 Iowa, 456.

[3] Williams, being a mere surety on the note and having received none of the consideration for the note and being liable to the bank only by the terms of the note, cannot be held liable independent of the note on any theory that he received the original consideration. The rule is well settled that the surety is not liable on common counts for the money received by the principal where the note has been materially altered. 2 Corpus Juris, 1181; 2 Am. & Eng. Ency. Law, 203. In Otto v. Halff, supra, and in Baldwin v. Haskell National Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178, it was held that, where a promissory note is materially altered without fraudulent intent, the holder of the note may, notwithstanding the alteration, recover on the antecedent indebtedness represented and evidenced by the note. But this rule applies only against parties who are liable for such indebtedness independent of the altered instrument. It does not apply against sureties, indorsers, and other persons so situated who do not receive the consideration for which the altered instrument was given, or are not liable for the antecedent indebtedness represented by the instrument. 2 Corpus Juris, 1181, says:

"The common counts are not available where the relation of the parties is not such as to imply any such liability; and, where a writing constitutes in itself the only obligation existing against the promisor, all remedies thereon are lost by its material alterations, as in the case of a surety."

To the same effect is the rule stated in 2 Am. & Eng. Ency. of Law, p. 203, and this is in conformity with all the authorities.

This must have been noted by the court in Otto v. Halff, for it appears in that case Halff & Bro. by way of cross-action sued Louis Otto and J. A. Otto, to recover judgment for the original consideration represented by an altered note. It further appeared Louis Otto was principal and J. A. Otto surety. The Supreme Court held that, although the note itself had been materially altered, still since the alteration was made without fraudulent intent, Halff & Bro. were entitled to recover on account of the antecedent indebtedness, and accordingly rendered judgment in their favor against Louis Otto, the principal, for the amount thereof. No judgment was rendered, however, against J. A. Otto, the surety. The court does not discuss the above exception, but clearly recognized its force in preparing the final judgment by not rendering judgment against the surety.

It is hard to conceive how, under such circumstances, a judgment could be awarded against the surety. The statute provides that such a suretyship be evidenced by writing, and, unless it is so evidenced, it is not valid. In the present case, the cashier of the bank testified that Williams had never been surety on any obligation to the bank except the altered note. The evidence showed without dispute that he had not received any of the consideration, and that he was a mere surety, and that this fact was known to the creditor. Under these circumstances, the written obligation having been destroyed by reason of its material alteration, the only obligation of the surety was thereby destroyed, and there could be no recovery against the surety.

Appellee could not rightfully recover against Williams upon either count in its petition. Upon the facts detailed, he could not be held liable upon any theory. The counter propositions urged by appellee have no application to the facts here presented. The peremptory instruction requested by Williams should have been given.

Affirmed as to Robinson; reversed and rendered as to Williams.