## JOHN P. JOHNSON v. GEORGE W. MOORE, et al.

1. MORTGAGE, *Made Void by Material Alteration.* The material alteration of a mortgage by the mortgagee after its execution and delivery to him, whereby he increases the stated consideration of the mortgage, and inserts therein an additional obligation, without the knowledge or consent of the mortgagors, renders the mortgage void as between the parties, and the same is not enforceable as a security for the payment of any portion of the indebtedness therein described.

2. MORTGAGE—*Irregularity—Material Alteration—Subrogation.* Where a mortgage is given to secure the payment of money advanced by the mortgagee to pay off and discharge a prior mortgage debt upon the same

premises, and the instrument fails by reason of an irregularity in its execution or an alteration inadvertently made by the mortgagee without fault, he is entitled to be subrogated to the rights of the prior mortgage discharged and paid off by the money which he had advanced; but where the mortgage was materially altered by such mortgagee after its execution, acknowledgment and delivery, without the consent of the mortgagors, and which alteration injuriously affects the liability of the mortgagors, he is not entitled to the application of the equitable doctrine of subrogation.

3. ———— The doctrine of subrogation will not be applied to relieve a party from the consequences of his own unlawful act.

### Error from Doniphan District Court.

ACTION by *Johnson* against *Moore* and wife, upon two promissory notes, and to foreclose a mortgage alleged to have been executed by the defendants to secure their payment. Trial at the March Term, 1884, when the jury made special findings of fact, and returned a general verdict assessing the amount of plaintiff's recovery against the defendant, *George W. Moore*, at the sum of $728.48, and further finding in favor of both defendants, as to the execution of the mortgage, that they did not execute the same substantially as sued upon. The plaintiff moved for a decree of foreclosure on the special findings and general verdict, which motion was overruled. This ruling plaintiff brings here for review. The opinion contains a sufficient statement of the pleadings, proceedings, and material facts.

*Albert Perry*, and *B. A. Seaver*, for plaintiff in error.

*W. W. Guthrie*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: John P. Johnson brought this action in the district court of Doniphan county, to recover upon two promissory notes executed by George W. Moore, one for $745.92, and the other for $117.45, both bearing date July 14, 1882, and also to foreclose a mortgage upon a certain tract of land alleged to have been executed by George W. Moore and his wife, Adaline Moore, to secure the payment of the said notes. The

Johnson v. Moore.

plaintiff in his petition alleges that Moore and his wife had for many years been indebted on the mortgaged premises, first, by a mortgage executed by them to Mrs. Patton and Mrs. Plank, dated January 14, 1873, to secure the sum of $725; that on December 1, 1877, the defendants, for the purpose of paying off this last-mentioned mortgage, obtained money from Pryor Plank, and executed to him a mortgage upon the same tract of land; that by the error and mutual mistake of the conveyancer and of the parties to the mortgage to Pryor Plank, the description of the land therein conveyed was erroneously described as the east half of the *north*west quarter of section No. 6, town 2, range 20, instead of the east half of the *south*west quarter of said section, town and range, which they intended to convey and describe in said mortgage, and which they supposed they had described and conveyed; that the mortgage of December 1, 1877, was to secure the payment of the sum of $725, the balance remaining due at that date on the former mortgage, and was evidenced by three promissory notes they had executed to Pryor Plank, and bearing interest at the rate of ten per cent. per annum from the date thereof; that from time to time until the 14th day of July, 1882, the defendant Moore paid small sums of money on said notes, and on that day there remained yet due and unpaid thereon the sum of $863.37; that to pay off and settle these notes of Pryor Plank, the notes sued on in this action were executed by the defendant G. W. Moore to the plaintiff Johnson, who took up and surrendered to Moore the three notes executed by him to Plank, December 1, 1877, and which were an existing lien upon said Moore's homestead, by virtue of the mortgage at the same time executed and delivered by him and wife to said Plank, and that it was understood and agreed between the parties that the plaintiff Johnson should have and acquire a lien upon said homestead by advancing the said sum of $863.37, to pay off and satisfy said Plank notes and mortgage, which amount was due at that time.

The petition further states that the defendant's wife, Mrs. Adaline Moore, claims that after the execution of said mort-

gage by her to the plaintiff, there were such alterations made in said instrument as to render the same inoperative as to her, which claim the plaintiff denies, and he avers that if there were any such changes or alterations made in the mortgage as to render it inoperative, he is entitled to be subrogated to all the rights of said prior mortgages, and to have the lands sold to pay off the amounts due on such prior notes and mortgages as represented by the new notes given to Johnson, and prays that the mortgage of December 1, 1877, given to Pryor Plank, be reformed so as to correct the error in the description of the land; that his mortgage of July 14, 1882, be foreclosed and the land declared subject to the same, and sold to pay off and satisfy said claim and interest; but if for any reason the last-named mortgage should be held and declared invalid and void, he asks to be subrogated to the rights of Pryor Plank, as mortgagee in the mortgage of December 1, 1877.

Defendants answer separately. Adaline Moore pleads *non est factum*. She further states that she and her husband, George W. Moore, together with their family, have for many years prior to July 14, 1882, occupied and still are occupying the mortgaged premises as their homestead, and that if the plaintiff in fact holds any such mortgage as he describes in his petition, that the same was never authorized or executed by her; that after she had signed and acknowledged a mortgage of that date for another and different, and for a less consideration, and after it had been delivered to Johnson, that the same was altered and changed by the insertion of an increased consideration, and as security for the said described note of $117.45, without her knowledge, consent, or authority, and that she has never since consented thereto, and now repudiates and denies the execution of, and refuses her consent to, said described mortgage so altered and changed, and asks that the mortgage be adjudged null and void and held for naught.

The defendant, George W. Moore, denies the execution of the mortgage described in the petition, and alleges that the tract of land sought to be foreclosed is the homestead of himself and family, and states that the mortgage which plain-

tiff is seeking to foreclose has been altered and changed by the plaintiff after its execution and delivery to him, by increasing the consideration and by describing therein the additional note of $117.45, without his knowledge, authority, or consent. He admits that he signed each of the notes sued on in this action, but alleges that he is entitled to certain credits thereon. He states that the three notes of Pryor Plank, for which the new notes were given, were transferred after maturity to John P. Johnson, who claimed to this defendant that he was the innocent purchaser, and as such entitled to have and claim the sum then appearing to be due upon the face of the notes without any regard to set-offs or credits which the defendant might be entitled to on that account, in the hands of Pryor Plank, and then represented to the defendant that the amount due up to July 1, 1882, was $745.92, and that unless paid, suit would be brought; and on account of having no knowledge of plaintiff's rights, and relying upon his representations, George W. Moore says he consented to execute his note to the plaintiff for said amount on one year's time and secure the same by a mortgage upon their homestead, which mortgage was duly executed, acknowledged, and with the note delivered to the plaintiff, and the plaintiff surrendered to this defendant the old notes as full satisfaction, and then, in part consideration therefor, promised and agreed with the defendant that any credit which Pryor Plank would admit or defendant should establish against him should be credited on such new note; that afterward the plaintiff contended that the old notes in fact amounted to $117.45 more than was included in the first note; that there was an error to that extent, and that the same must be secured, and that the note should be given him for this additional sum, and that the sum should be secured by mortgage or forthwith suit would be begun; and this defendant, George W. Moore, to avoid the trouble that defendant threatened, and without consideration therefor, signed the note for $117.45, and thereupon, without the knowledge of defendant's wife, and without any further act on the part of George W. Moore, the plaintiff changed the mortgage so theretofore

executed and delivered as agreed, for said note of $745.92, and incorporated the second note for $117.45 into the mortgage as thereby constituting the consideration thereof; that thereafter he recovered a judgment against Pryor Plank for $114.70, which, with other payments theretofore made upon said old notes, he asks to have credited upon the new notes.

The questions thus raised were tried by the court and jury. Special findings of fact were made by the jury, and a general verdict returned, assessing the amount of the plaintiff's recovery against the defendant George W. Moore at the sum of $728.48, and further finding in favor of the defendants George W. Moore and Adaline Moore, as to the execution of the mortgage dated July 14, 1882, finding that they did not execute the mortgage substantially as sued upon. The plaintiff moved for a jugment decreeing a foreclosure on the special findings and general verdict, which was overruled, and this ruling is complained of.

From the special findings, it appears that the notes sued on were executed by George W. Moore; that the amount of principal and interest of said notes at the time of the trial was $728.48, and that the plaintiff, Johnson, agreed with George W. Moore, at the time the notes sued on were given, that he would give Moore credit thereon for any amount that he would establish by judgment against Pryor Plank, as a proper credit upon the old notes, and that George W. Moore afterward obtained a judgment against Pryor Plank for $120.95; that the notes sued upon were executed by the defendant Moore to the plaintiff, to discharge a prior mortgage lien on the lands in dispute, and that the amount of such lien at the time the mortgage sued on was executed, July 14, 1882, was $624.42; that the mortgage sued on was altered in a material part after it was executed, acknowledged and delivered to the plaintiff; that the mortgage was materially changed by adding the note of $117.45, and that it was done by the procurement of the plaintiff after leaving defendant Adaline Moore, and without her authority; that Adaline Moore has

never executed, authorized or consented to the mortgage as now existing.

The questions presented by the record then are: First, Does the alteration found to have been made, vitiate the mortgage and render it void as a security for both of the notes described therein? Second, If the mortgage given to the plaintiff is held to be void, did he acquire a lien upon the homestead to the extent of the money advanced by him to pay off the prior mortgage debt upon the same property, and is he entitled to be subrogated to the rights of the prior mortgages and to a decree of foreclosure?

I. The first question, we think, must be answered in the affirmative. In this case we are not left to presumptions in regard to whether the alteration in the mortgage was made before or after the execution and delivery of the instrument, nor whether the change therein was made with the consent of the mortgagors. These questions have been determined by the jury, who find, as has been stated, that the mortgage was changed by increasing the stated consideration thereof from the sum of $745.92, to the sum of $863.37, and by including therein an additional note for $117.45; and this was done without the knowledge or consent of Adaline Moore. The alteration was not the act of a stranger, but was voluntarily made by Johnson while the instrument was in his custody, and after its execution, acknowledgment and delivery. The change was made to benefit himself, and was against the interest of the mortgagors. Mr. Jones, in his treatise on the Law of Mortgages, states the rule to be that—

"A material alteration of the mortgage made without the consent of the mortgagor, by the holder of it, or by anyone after delivery and while in the possession or custody of the rightful owner of it, has the effect of destroying and annulling the instrument as between the parties to it." (1 Jones on Mortgages, § 94.)

In *Marcy v. Dunlap*, 5 Lans. 365, Mr. Justice Johnson in stating the same principle says:

"I am clearly of the opinion that this material alteration

of the description in the mortgage after its execution and delivery, without the defendant's consent, works a complete destruction of the mortgage as against her. That the alteration was material, cannot be doubted; but it is equally clear that it was made in the interest and for the benefit of the plaintiff, and without the defendant's knowledge or consent. This destroys the mortgage as against the defendant, according to all the cases, so far that no action can be maintained upon it by the plaintiffs."

Plaintiff's counsel contend that the mortgage should be upheld as to the note of $745.92, which was included in the mortgage at the time of its execution and before its alteration by the plaintiff, and they cite as authority in support of this claim, *Collins v. Collins*, 51 Miss. 351. That case, we think, is not analogous to the present one. There, the mortgage was originally made to secure a loan of $1,800. Subsequently the mortgagor obtained an additional loan of $300, and the mortgage was altered and interlined by adding on the face thereof the words, "the further sum of $300." This was done with the consent of all the parties to the instrument, and all appeared before the clerk of the court immediately after the alteration and interlineation, and acknowledged that the same was done at the personal request of the parties whose names appear thereto, and had the record of said trust deed altered and interlined so as to show the same. The court in upholding the deed of trust as the security for the original loan of $1,800, stated that as the security for $1,800 was perfect in all its parts, and there was no wish or agreement on the part of anyone to change it in that respect, and that the alteration or rather an addition was attempted but not completed, that in all respects the contract remained the same as when first executed, except the attempt to secure the further and later loan. There was no attempt to mix the two funds into one by changing the $1,800 so that it should read $2,100, but simply to embrace within the trust deed the additional loan of $300, and whatever was done, was upon the personal request of all the parties to the transaction.

In this case, however, the mortgagors had no knowledge of,

and did not at any time give their consent to the alteration. The consideration stated in the mortgage was changed from $745.92 to $863.37, and from the findings of the jury it appears that the sum which was added to the consideration of the mortgage by the alteration was not due and owing from the defendants, or either of them, to the plaintiff. Clearly, we think the action of the plaintiff in the unauthorized alteration of the mortgage rendered it nugatory, and that it is not enforceable as a security in his behalf for the payment of the notes.

II. Having come to the conclusion that the mortgage is void, the question remains, whether the plaintiff, having advanced the money to discharge the prior mortgage deed upon the homestead, acquired a lien to the extent of the amount advanced, and is entitled to be subrogated to the rights of the prior mortgages. Is the plaintiff in a position to ask the aid of a court of equity to relieve him from the loss occasioned by the destruction of his mortgage? He claims to be entitled to this relief under the authority of *Ayres v. Probasco*, 14 Kas. 198, where Mr. Justice VALENTINE says:

"Whenever a person advances money with the consent of the owner of a homestead, to extinguish some lien upon the homestead, with the understanding of the parties that the person so advancing the money shall acquire a lien upon the homestead, such person will in equity acquire such lien to the extent of the money so advanced and so used to extinguish such first-mentioned lien, notwithstanding the instrument intended by the parties to create the lien in favor of the party advancing the money, or to be evidence of such lien, may be void."

Doubtless this is correct doctrine where the principle stated is applicable; but he who asks for equity must come into court with clean hands. If the alteration of the mortgage had been accidentally or innocently made by plaintiff, he might have successfully applied for the application of the equitable doctrine of subrogation. It is well settled, however, that the doctrine of subrogation will not be applied to relieve a party from the consequences of his own unlawful act. (Sheldon on

Subrogation, § 44; *Wilkinson v. Babbitt*, 4 Dillon, 208; *Railroad Co. v. Soutter*, 13 Wall. 517; *Guckenheimer v. Angevine*, 81 N. Y. 394.)

According to the unchallenged findings of the jury, the alteration of the mortgage by the plaintiff was not inadvertently made, nor was it done for the purpose of carrying out the intention and understanding of all the parties thereto, but was evidently made by plaintiff solely to advance his own interest at the expense of the defendants. He sought to extend the liability of the mortgagors beyond what they had agreed that it should be, and his action in making the alteration was not only a fraud upon the defendants, but under the statutes of Kansas constitutes a public offense. The application of the maxim, "He that hath committed iniquity shall not have equity," forbids the granting of the relief asked for by plaintiff.

Another objection made by the plaintiff is, that the court ought not to have submitted to the jury the question of the materiality of the alteration made in the mortgage. While we think that the materiality of the alteration was a question for the court, yet it appears that the plaintiff not only made no objection to the submission of this question, but that he prepared and tendered it to the court for submission to the jury, and therefore his objection at this time comes too late.

In other of the special findings returned, the jury found what the alteration consisted of, and it is clear that it is a material one. The findings and verdict were accepted by the court, and upon a motion for a new trial they were approved; hence the answer of the jury to the special question complained of could not have prejudiced the rights of the plaintiff.

The judgment of the district court will be affirmed.

All the Justices concurring.